ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR ADVICE AS TO THE PROPRIETY OF AN ATTORNEY RETAINED BY A GOVERNING BOARD OF A STATE AGENCY TO ACT AS ITS LEGAL COUNSEL APPEARING ON BEHALF OF AN EMPLOYEE OF THAT AGENCY IN A PROFESSIONAL DISCIPLINARY REVIEW HEARING BEFORE A STATE LICENSING AGENCY, WHERE THE SUBJECT MATTER OF SUCH HEARING INVOLVES LEGAL ISSUES THAT COULD POTENTIALLY SUBJECT THE EMPLOYEE TO TERMINATION OR SOME OTHER FORM OF DISCIPLINARY ACTION BY THE EMPLOYING BOARD, ITSELF. HE HAS AUTHORIZED ME TO RESPOND TO YOU THROUGH THIS INFORMAL LETTER ON HIS BEHALF.
YOUR QUESTION IS ULTIMATELY DEPENDENT UPON THE UNIQUE FACTUAL CIRCUMSTANCES THAT MIGHT BE PRESENT IN ANY GIVEN CASE, AND, THEREFORE, ONLY GENERAL STATEMENTS CAN BE MADE. HOWEVER, THERE HAVE BEEN A NUMBER OF COMMENTS MADE IN ANALOGOUS SITUATIONS THAT I HOPE ARE OF ASSISTANCE.
IN ATTORNEY GENERAL OPINION NO. 72-231, THE ATTORNEY GENERAL ADVISED THAT IT WOULD BE ILLEGAL FOR A PUBLIC AGENCY TO EXPEND PUBLIC FUNDS TO PAY FOR THE LEGAL DEFENSE OF AN EMPLOYEE OR OFFICER OF THAT AGENCY, IF THE MATTER AT ISSUE INVOLVES CLAIMS OF INDIVIDUAL LIABILITY ASSERTED AGAINST THE PERSON IN THEIR INDIVIDUAL CAPACITY. THE ONLY EXCEPTION TO THAT RULE WOULD BE WHERE, AS A MATTER OF PRIOR CONTRACTUAL AGREEMENT, SUCH A DEFENSE HAS BEEN DETERMINED TO BE PART OF THAT PERSON'S EMPLOYMENT COMPENSATION.
IT IS RECOGNIZED, IN THIS REGARD, THAT THERE ARE SOME INSTANCES WHERE THE STATE HAS A STATUTORY DUTY TO DEFEND AN EMPLOYEE, SUCH AS IN CASES WHERE AN EMPLOYEE HAS BEEN SUED FOR ALLEGED TORTIOUS CONDUCT, AND THE STATE HAS PREVIOUSLY DETERMINED THAT THE ACTIONS OR OMISSIONS COMPLAINED OF WERE MADE BY THE EMPLOYEE WHILE IN THE OFFICIAL SCOPE OF THEIR EMPLOY. HOWEVER, SUCH A SITUATION IS A FAR CRY FROM A SCENARIO WHERE AN INDIVIDUAL EMPLOYEE IS BEING SUBJECTED TO PERSONAL DISCIPLINARY REVIEW BY A STATE LICENSING AGENCY FOR ALLEGED VIOLATIONS OF THE LAW OR THE PROFESSION'S CODE OF PROFESSIONAL CONDUCT. I CAN CONCEIVE OF VIRTUALLY NO SITUATION, ABSENT, AGAIN, A CLEARLY PREARRANQED EMPLOYMENT COMPENSATION AGREEMENT WITH THE STATE, WHERE IT WOULD BE LAWFUL FOR AN ATTORNEY RETAINED TO REPRESENT A STATE AGENCY TO EXPEND ANY TIME THAT IS BILLED AS SERVICE TO THE AGENCY TO REPRESENT AN EMPLOYEE IN AN INDIVIDUAL PROCEEDING OF THIS TYPE.
HOWEVER, IT IS ALSO RECOGNIZED, IN THIS REGARD, THAT EMPLOYMENT SITUATIONS WITH OUTSIDE LEGAL COUNSEL WHO ARE NOT EMPLOYEES OF THE AGENCY, BUT, RATHER, ARE INDEPENDENT CONTRACTORS, MAY CAUSE THIS GENERAL STATEMENT TO BE LIMITED IN SCOPE. THERE COULD BE A CASE WHERE AN ATTORNEY RETAINED BY A STATE AGENCY, ON HIS OWN TIME, AND THROUGH THE EXCLUSIVE USE OF EQUIPMENT, MATERIALS AND PERSONNEL OF HIS OFFICE, WITHOUT ANY CHARGE WHATSOEVER TO THE STATE, COULD REPRESENT SUCH AN EMPLOYEE IN AN INDIVIDUAL CAPACITY, WITHOUT RUNNING AFOUL OF THE PROHIBITION OF USING STATE MONIES FOR PRIVATE PURPOSES.
IN THIS VEIN, THOUGH, THERE ARE SOME ETHICAL CONSIDERATIONS THAT MUST BE TAKEN INTO ACCOUNT. UNDER THE CODE OF PROFESSIONAL RESPONSIBILITY THAT ALL ATTORNEYS IN THIS STATE MUST ADHERE TO, IT IS A VIOLATION OF THAT CODE IF AN ATTORNEY ACCEPTS OR CONTINUES EMPLOYMENT BY A CLIENT THAT WILL OR IS — LIKELY TO AFFECT HIS INDEPENDENT PROFESSIONAL JUDGMENT. 5 O.S. 1981, CH. 1, APP. 3 (DR 5-105). WHILE THE NOTIFICATION TO THE DIFFERENT CLIENTS OF THE POSSIBLE CONFLICT MAY ABSOLVE AN ATTORNEY IN SOME CASES OF VIOLATING THAT RULE, THE SUPREME COURT HAS RECENTLY INDICATED THAT MERE NOTIFICATION WILL NOT ALWAYS DO SO. STATE EX REL. OKLAHOMA BAR ASSOCIATION V. MCNAUQHTON, 719 P.2D 1279 (OKLA. 1986).
THE RATIONALE BEHIND THIS RULE IS SIMPLE. A LAWYER MAY NOT SERVE TWO MASTERS AT ONE TIME WHO HAVE CONFLICTING INTERESTS. IN THE SCENARIO THAT YOU PRESENT, IT WOULD BE EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, FOR AN ATTORNEY TO BE ABLE TO ADEQUATELY SERVE THE INTERESTS OF THE EMPLOYING AGENCY WHO HAS THE OBLIGATION TO REVIEW THE PROPRIETY OF AN EMPLOYEE'S PERSONAL CONDUCT FOR DISCIPLINARY ACTION, WHEN THAT LAWYER HAS APPEARED ON BEHALF OF THAT EMPLOYEE IN ANOTHER FORUM ON THE SAME SUBJECT MATTER.
ANY CONCERNS THAT YOU HAVE ABOUT A PARTICULAR SITUATION PROPERLY SHOULD BE REFERRED TO THE OKLAHOMA BAR ASSOCIATION, AS THAT ENTITY IS THE ONLY ORGANIZATION IN THE STATE THAT CAN REVIEW THE PRECISE FACTUAL CIRCUMSTANCES THAT MIGHT BE PRESENT IN ANY GIVEN CASE. HOWEVER, AS A FINAL NOTE, IT IS THE POSITION OF THIS OFFICE THAT ANY SUCH RELATIONSHIP WHERE AN ATTORNEY WHO HAS BEEN RETAINED BY A STATE AGENCY TO ACT ON ITS BEHALF, AND WHO ALSO IS PERMITTED BY THAT AGENCY TO REPRESENT ITS EMPLOYEES IN PROFESSIONAL DISCIPLINARY ACTIONS THAT COULD BE THE SUBJECT OF AGENCY REVIEW, WHETHER THE POLICY IS PROMULGATED AT THE GOVERNING BOARD LEVEL, OR AT THE ADMINISTRATIVE STAFF LEVEL, IS HORRENDOUS PUBLIC POLICY, AND A SITUATION THAT BEGS FOR CONFLICTS TO ARISE. IN SHORT, SUCH A POLICY SHOULD, IN THE VIEW OF THIS OFFICE, NEVER BE PERMITTED. (CONFLICT OF INTEREST)
(MICHAEL SCOTT FERN)